TITAN SHIPPING CO. *v.* UNITED STATES

**No. 5141.**—Invoices dated Paris, France, November 16, 1937, etc.
Certified November 17, 1937, etc.
Entered at New York November 27, 1937, etc.
Entry Nos. 780843, etc.

(Decided March 3, 1941)

*Lane & Wallace* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed above have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court, that all of the merchandise on the invoices covered by the reappraisements enumerated in the attached schedule, consist of bottles and jars similar in all material respects to the merchandise the subject of *United States vs. Guerlain*, Inc. decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue covered by the reappraisements enumerated in the attached schedule, is the same as the issue involved in the case of *United States vs. Guerlain, Inc. supra.*

It is further stipulated and agreed that the appraised value of the merchandise, less any additions made by the importer to meet advances by the Appraiser, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses,

plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less any additions made by the importer to meet advances by the appraiser. Judgment will be rendered accordingly.